# UNITED STATES DISTRICT COURT

__SOUTHERN__ District of __NEW YORK__

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/16/13

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| EVERETTE L. SCOTT JR. | Case Number:  S2 11 CR 975 DAB |
| | USM Number:  66299-054 |
| | STEVEN BRILL |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)  ONE, TWO, AND THREE ON FEBRUARY 5, 2013
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 15 U.S.C. §§ 78ff, 78j(b) | SECURITIES FRAUD | JAN. 2013 | 1 |
| 18 U.S.C. § 1343 | WIRE FRAUD | JAN. 2013 | 2 & 3 |

The defendant is sentenced as provided in pages __2-6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

Count(s) _____  IS  dismissed.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

SEPTEMBER 24, 2013
Date of Imposition of Judgment

*/s/ Deborah A. Batts*
Signature of Judge

DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

October 16, 2013
Date

Judgment — Page 2 of 6

DEFENDANT: EVERETTE L. SCOTT JR.
CASE NUMBER: S2 11 CR 975 DAB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

30 MONTHS CONCURRENTLY ON COUNTS ONE, TWO, AND THREE .

The Defendant is notified of his right to appeal.

X The court makes the following recommendations to the Bureau of Prisons:

THE COURT RECOMMENDS THAT THE BUREAU OF PRISONS DESIGNATE THE DEFENDANT TO FORT DIX. ATTACHED TO THIS JUDGMENT ARE EXHIBITS 1 AND 2, THE SEPTEMBER 25, 2013 LETTER FROM DEFENSE COUNSEL AND THE SEPTEMBER 25, 2013 COURT ORDER, WHICH INDICATE AS MUCH.

The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    before 2    __NO LATER THAN 1/31/2014__ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: EVERETTE L. SCOTT JR.
CASE NUMBER: S2 11 CR 975 DAB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

# THREE YEARS .

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: EVERETTE L. SCOTT JR.
CASE NUMBER: S2 11CR975 DAB

SPECIAL CONDITIONS OF SUPERVISION

The Defendant shall be tested periodically, at the direction of the Department of Probation, for alcohol abuse, and should he test positive, he shall participate in a alcohol abuse prevention program, be it residential or nonresidential, as directed by the Department of Probation.

The Defendant shall participate in a mental health program at the direction of the Department of Probation.

The Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has a reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant shall inform any other residents that the premises is subject to search pursuant to this condition. The Defendant shall inform any other residents that the premises is subject to search pursuant to this condition.

The Court finds that more than one Defendant has contributed to the loss of the victims, so the Court may apportion liability among the Defendants to reflect the level of contribution to the victims' loss and economic circumstances of each Defendant pursuant to 18 U.S.C. § 3664(h) et seq.

The Defendant shall pay restitution in the amount of $ 515,000.00, without interest, to NorCal Capital Management jointly and severally with co-defendant Tyrone L. Gilliams, Jr (11 Cr. 975). Defendant Scott shall not make any payments until co-defendant Tyrone L. Gilliams, Jr. has first paid at least $400,000.00 toward this restitution amount.

The Defendant shall pay restitution in the amount of $490,000, without interest, to David Parlin jointly and severally with co-defendant Tyrone Gilliams, Jr. (11 Cr. 975). Defendant Scott shall not make any payments until co-defendant Tyrone Gilliams, Jr. has first paid at least $400,000 toward this amount.

The Defendant is to provide the Department of Probation with accurate and complete financial records upon request. The Defendant is to pay 20% of any gross monthly earnings made while on supervised release toward restitution. The Court has determined that the financial circumstances of the Defendant, while on probation, requires the Court to make his monthly payments, when he has income, nominal, pursuant to 18 U.S.C. § 3664(f) (3)(b).

DEFENDANT: EVERETTE L. SCOTT JR.
CASE NUMBER: S2 11CR975 DAB

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 300.00 | $ NO FINE | $ See Special Conditions, Page 4 |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| NorCal Capital Management |  | $515,000.00 | Joint and severally liable with co-Defendant Gilliams. Defendant Scott shall not make any payments until co-Defendant Gilliams has first paid at least $400,00.00 towards this amount. |
| David Parlin |  | $490,000.00 | Joint and severally liable with co-Defendant Gilliams. Defendant Scott shall not make any payments until co-Defendant Gilliams has first paid at least $400,000.00 towards this amount. |
| TOTALS | $ 0 | $ 1005000 | |

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for　☐ fine　☐ restitution.

　　☐ the interest requirement for　☐ fine　☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: EVERETTE L. SCOTT JR.
CASE NUMBER: S2 11 CR 975 DAB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F X Special instructions regarding the payment of criminal monetary penalties:

**The Defendant shall pay a special assessment of $300 immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several and corresponding payee, if appropriate.

**See Special Conditions of Supervision on Page 4 of this Judgment.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court

    The defendant shall forfeit the defendant's interest in the following property to the United States:
    NO FORFEITURE. WAIVED BY THE GOVERNMENT.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.